MILLVILLE WATER COMPANY, PLAINTIFF IN ERROR, v.
CITY OF MILLVILLE, DEFENDANT IN ERROR.

Submitted December 9, 1912—Decided March 3, 1913.

On error to the Supreme Court, in which the following
opinion was filed:

Per Curiam.

This case is very similar in its main features to the *certiorari* of *Millville Gas Light Company* v. *Millville,* argued by
the same counsel and reported *ante p.* 409. A local assessor
fixed the valuation of $150,000, the county board one of $64,-
644, and the state board of equalization, after appeal by the
city, made this valuation $127,653, including an item called
"water and water rights, $33,000." The complaint is generally that the valuation fixed by the board of equalization
is not justified by the evidence, and especially that the item
of $33,000 is based upon water rights conferred by a certain
deed of the Millville Manufacturing Company to the Millville
Water Company in 1878, and conveying, among other things,
the right and privilege of laying the water company's pipe
through lands of the manufacturing company and taking
water for the purpose of feeding the pumps of the water company to supply the consumption of its customers; in other
words, the right of using water to supply the city of Millville.

With regard to the general claim of overvaluation, it is
urged that the property has been valued as a going concern.
If so, that was the correct way in which to value it, so long
as the item of public franchise is not included. The franchise is taxable under the act known as the Voorhees act.
*Pamph. L.* 1900, *p.* 502. We find nothing in the evidence to
indicate that the board of equalization included such valuation. On the other hand, the valuation of the industrial concern as a live rather than a dead plant would seem to be
entirely proper. *Royal Manufacturing Co.* v. *Board of*

*Equalization of Taxes,* 47 *Vroom* 402, 406; *affirmed,* 49 *Id.* 337. As to the claim that the item of $33,000 should not be included, the situation is this: The Millville Manufacturing Company owned certain land covered with water with the right of using more; it conveyed to the water company the right of using a certain amount of water from this supply that it owned. This water right has been regarded by the assessor and by the board of equalization as part of the plant of the water company. This is manifestly correct. The cases cited by counsel for the prosecutor as holding in his favor, are found, on examination, to hold against his position, and it has been held that where the water supply was in one taxing district and the plant owning a right to draw from that supply was in another taxing district, the right to draw the supply was annexed to the plant and properly taxable in the district where that plant was situated. *Lowell* v. *Commissioners,* 6 *Allen (Mass.)* 131.

There is nothing to indicate that the finding of the board of equalization is not fully justified by the evidence, and on the authorities cited in the gas company case, the finding of fact should not be reviewed unless clearly wrong. Nor does the board appear to have made any error of law in its finding.

This judgment will accordingly be affirmed, with costs.

For the plaintiff in error, *Herbert C. Bartlett.*

For the defendant in error, *Albert R. McAllister.*

PER CURIAM.

The judgment is affirmed, with costs, for the reasons stated in the judgment of the Supreme Court with the qualification set forth in our memorandum in the case of *Millville Gaslight Co.* v. *Millville, ante p.* 409.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, TREACY, JJ.  11.

*For reversal*—None.